UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS STRONG,<br><br>                           Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA; and ERIC HOLDER, ATTORNEY GENERAL OF THE UNITED STATES, or OFFICE HOLDER,<br><br>                           Defendant. | CASE NO. 11CV2957 JLS (WVG)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court is Douglas Strong's ("Strong") motion to proceed *in forma pauperis* ("IFP"). (IFP, ECF No. 2) Strong, proceeding pro se, has submitted a civil action against the United States and the Attorney General of the United States seeking declaratory judgment pursuant to 28 U.S.C. § 2201. (Compl., ECF No. 1)

**MOTION TO PROCEED IFP**

A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Strong attests that he is currently unemployed, but that beginning in February 2012 he will receive $675.00 per month from an undisclosed source.[1] (IFP 2, ECF No. 2) He claims that his current assets include $180.00 in a First National Trust

---

[1] Strong indicates that the reason for his unemployment is "disability," though he does not clarify whether the monthly payment he expects to receive is in the form of a Social Security payment or from some other source.

checking account. Strong further states that his son is dependant on him for $150.00 per month in support. Based on this information, the Court **GRANTS** Strong's motion to proceed IFP.

**INITIAL SCREENING PER 28 U.S.C. § 1915(e)(2)(B)**

**1. Legal Standard**

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

**2. Analysis**

Strong's complaint seeks this Court's declaration that (1) the U.S. government is "prohibited from declaring, announcing or waging a war on any state, portion of states or these United States," (2) that the U.S. government is "enjoined from any further use of the phrase war on drugs," and (3) that "Strong is not an enemy of the United States as that term is defined by the United States Constitution," (Compl. 16, ECF No. 1). Strong specifically seeks a declaration as to his "Constitutional rights under the 5th and 9th Amendments." (*Id.* at 1)

//

*A. War on Drugs*

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neizke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds*, Omnibus Consolidated Recissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, *as recognized in Lopez*, 203 F.3d at 1126. As currently pleaded, Strong's complaint fails to state a cognizable claim for declaratory relief concerning the use of the phrase and the constitutionality of the "War on Drugs." It is difficult for this Court to discern the nature of Strong's claims in his sixteen-page complaint, which reads more like an opinion letter regarding the perceived drawbacks of the War on Drugs. Among other things, Strong argues that the War on Drugs has "caused the unnecessary death of over a million Americans, including Law Enforcement Officers[,] . . . [and has] caused to be spread throughout the population the diseases of H.I.V./Aids and Hepatitis C." (*Id.* at 4) Moreover, he suggests that the War on Drugs is unconstitutional given that "there never was a declaration of war, the Defendants did not and do not have specific statutory authorization and even if the drug problem is a National Emergency, there was no attack on the United States, it's (sic) possessions or armed forces." (*Id.* at 6) Even viewing Strong's pro se complaint liberally, his allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal theory against the Defendants.

Moreover, the Court questions whether Strong has Article III standing to bring his claim seeking a declaration that the War on Drugs is unconstitutional, as he has failed to assert any personally suffered injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *City of L.A. v. Lyons*, 461 U.S. 95, 101–02, 111 (1983). A review of Strong's allegations makes clear that his war on the War on Drugs is merely an assertion that certain practices of the U.S. government are unconstitutional, which is insufficient for Article III standing purposes. Though it is clear to this Court that Strong has a strong interest in the perceived flaws of the War on Drugs, the Supreme Court has made clear that "a mere interest in a problem, no matter how long standing the interest . . . is not sufficient." *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972).

Thus, the Court **DISMISSES** Strong's complaint as frivolous to the extent it seeks declaratory relief regarding the use of the phrase and the constitutionality of the War on Drugs.

*B. Label as Enemy of United States*

Strong additionally seeks a declaration that he is not an enemy of the United States, (Compl. 16, ECF No. 1), because it is "illegal to label or designate citizens who use drugs as 'enemies,'" (*id.* at 13). In essence, Strong alleges that because he is an addict, the U.S. government has labeled him as an enemy in the War on Drugs despite his "absolute right to not have a war waged against him." (*Id.*) Moreover, he contends that his name and information were placed in the "Homeland Security Data-Base" and that the U.S. government uses "unmanned drones for surveillance of United States citizens" who have been labeled as threats to the United States. (*Id.* at 12)

To the extent Strong is claiming a Fifth Amendment due process violation because he was "labeled an enemy of his own country" without any means to challenge this designation, the Court finds the claim frivolous under § 1915(e)(2)(B) because Strong's complaint lacks even "an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, and appears "fanciful," "fantastic," or "delusional," *id.* at 328. Even while construing a pro se complaint liberally, as the Court must, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the Court may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). As such, the Court can find no cognizable basis for Strong's instant claim.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, the Court **DISMISSES** Strong's complaint as frivolous, but will provide Strong with the opportunity to amend his complaint to correct the deficiencies of the pleading identified by the Court. Strong's complaint is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). Strong, if he wishes, shall file an amended complaint that cures the deficiencies of pleading noted above within 45 days of the date this Order is electronically docketed. **IT IS SO ORDERED**.

DATED: January 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge